```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 07-60654-CIV-ZLOCH

UTOPIA PROVIDER SYSTEMS, INC.,
a/k/a UTOPIA PROVIDERS SYSTEMS,
INC.,

         Plaintiff,

vs.                                          O R D E R

PRO-MED CLINICAL SYSTEMS,
L.L.C., and THOMAS L.
GROSSJUNG,

         Defendants.
                                    /
```

THIS MATTER is before the Court upon Defendants' Motion For Dismissal For Plaintiff's Fabrication Of Evidence And Fraud (DE 93) and Request For Evidentiary Hearing (DE 94), which the Court construes as a Motion For Evidentiary Hearing. The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

Plaintiff initiated the above-styled cause alleging that Defendants violated its federally protected copyright in certain materials useful to emergency room physicians and personnel (hereinafter "the subject works"). Defendants deny these allegations on numerous factual and legal grounds. At issue here is whether Plaintiff is entitled to claim copyright protection in the subject works.

Plaintiff Utopia Provider Systems, Inc. was formed and is operated by its two principals, Joshua Plummer and Dr. Michael

McHale. Those individuals are also responsible for the creation of the subject works, in which Plaintiff claims copyright protection. Previously, Plaintiff, through its principals, and Defendant entered an exclusive licensing agreement for Defendant to market and sell the subject works and to pay royalties to Plaintiff. The Parties' relationship broke down for reasons immaterial to this Order.

During the pendency of this litigation, Defendant became concerned that Plaintiff may never have held any legal rights in the subject works. If true, Plaintiff would be prevented from litigating this matter for lack of standing. 17 U.S.C. § 501(b) (granting a cause of action to "[t]he legal or beneficial owner of an exclusive right under a copyright"). In response to Interrogatory No. 4 of Defendant Grossjung's First Set of Interrogatories, seeking to discover the facts evidencing transfer of ownership in the subject works from Plummer and McHale to Plaintiff, Plaintiff produced a copy of a memorandum executed January 8, 2008. DE 93, pp. 13-14; see DE 93, Ex. A. The memorandum states that Plummer and McHale transferred all of their rights in the subject works to Plaintiff effective September 20, 2001. DE 93, Ex. A, p. 2.

Defendant filed the instant Motion For Dismissal (DE 93), arguing that the memorandum is a fraud. Specifically, Defendant

2

argues that no transfer of rights ever took place between Plaintiff and its principals and that the January 8, 2008, memorandum cannot serve to remedy this failure.  In response, Plaintiff argues that an effective transfer did take place, and it was validated by the January 8, 2008, memorandum.

The Copyright Act of 1976, 17 U.S.C. §§ 1, et seq. (2006), governs the procedure when dealing with works of original authorship.  In particular, the Act governs transfer of copyright ownership.  "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."  17 U.S.C. § 204(a).  The note or memorandum allowed by § 204 need not be contemporaneous with the transfer of copyright ownership.  Rather, a memorandum executed later can serve to validate a previous oral transfer of copyright ownership. Imperial Residential Design, Inc. v. Palms Development Group, Inc., 70 F.3d 96, 99 (11th Cir. 1995) ("We recognize that 17 U.S.C. § 204(a) can be satisfied by an oral assignment later ratified or confirmed by a written memorandum of the transfer.") (quotation omitted); 3 Nimmer on Copyright § 10.03 (noting that "if a prior oral grant is subsequently confirmed in writing, it validates the grant ab initio as of the time of the oral grant").  Thus, any argument that a

3

later-signed memorandum confirming that an oral transfer had taken place on some date in the past is expressly barred by the text of the Copyright Act.[1]

Defendant argues that the January 8, 2008, memorandum is fraudulent because it purports to attest to a transfer that never actually took place. Defendant points first to the deposition testimony of Joshua Plummer and Dr. McHale and argues that their failure to understand and keep straight the legal fictions of corporate ownership of property rights necessarily means that no such corporate ownership took place. DE 93, pp. 5-9. Defendant also points to the two applications to the United States Copyright Office for the subject works, which list only Plummer and McHale, but not Plaintiff, as the copyright claimants for the subject works. DE 93, p. 9-10.

Plaintiff counters that it principals, Plummer and McHale, are not lawyers and that their deposition testimony as to how property ownership was arranged between them and Plaintiff is not conclusive on the issue. Plaintiff also points to documentation evidencing its ownership of the subject works. First, Exhibit 1 to

---

[1] A memorandum of transfer under § 204(a) may be executed even after a suit is filed. See Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc., 29 F.3d 1529, 1533 (11th cir. 1994) ("This Court today adopts the reasoning of the cases cited . . . ."), citing Great Southern Homes, Inc. v. Johnson & Thompson Realtors, 797 F. Supp. 609, 612 (M.D. Tenn. 1992) (approving a § 204 memorandum signed after suit was filed).

Plaintiff's Third Amended Complaint (DE 86) is a letter by Defendant Thomas Grossjung, wherein he directs his attorney to draft a licensing agreement between Defendant Pro-Med Clinical Systems, LLC and Plaintiff. The same letter also notes that "Dr. Michael McHale owns Utopia and is producing the new physician documentation charts." DE 86, Ex. 1. Thus, while Dr. McHale would produce the charts, they would be the property of Plaintiff, with whom the licensing agreement would be executed. Plaintiff also points to the licensing agreement itself, which recites that Plaintiff has rights in the subject works and desires to license Defendant Pro-Med Clinical Systems, LLC to market them. DE 86, Ex. Nos. 3 & 4.

The Court finds that Defendants have failed to establish that the January 8, 2008, memorandum is a fraud warranting dismissal of this action. The testimony of Plummer and McHale, as well as the application to the United States Copyright Office, evidence that those individuals failed to observe the corporate form. However, they do not work to invalidate an otherwise valid transfer. Such transfer in September of 2001 is corroborated, in addition to the January 8, 2008, memorandum, by the Exhibits to the Third Amended Complaint (DE 86) noted above. With regard to the application to the Copyright Office, the Court notes that it was filled out before Plummer and McHale formed Plaintiff. DE 93, p. 10. Therefore,

5

Defendants' instant Motion For Dismissal (DE 93) shall be denied.

By their instant Motion For Evidentiary Hearing (DE 94), Defendants request that the Court hold a hearing on the Motion For Dismissal (DE 93).  The Court shall exercise its discretion and deny this request for a hearing.  S.D. Fla. L.R. 7.1.B.1.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants' Motion For Dismissal For Plaintiff's Fabrication Of Evidence And Fraud (DE 93) and Request For Evidentiary Hearing (DE 94), which the Court construes as a Motion For Evidentiary Hearing, be and the same are hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   18th   day of November, 2008.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:
All Counsel of Record