```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

             CASE NO. 07-60654-CIV-ZLOCH
```

UTOPIA PROVIDER SYSTEMS, INC.,
a/k/a UTOPIA PROVIDERS SYSTEMS,
INC.,

      Plaintiff,

vs.                                **FINAL JUDGMENT RE:**
                                      **ATTORNEY'S FEES AND COSTS**

PRO-MED CLINICAL SYSTEMS,
L.L.C., and THOMAS L.
GROSSJUNG,

      Defendants.
_____/

      THIS MATTER is before the Court upon Defendants' Verified Motion For Award Of Attorney's Fees And Reimbursable Costs (DE 162). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      Plaintiff and Defendants entered an exclusive licensing agreement for Defendant to market and sell the diagnostic charts Plaintiff owned and to pay royalties to Plaintiff. The Parties' relationship broke down when Defendants developed a computer software program version of the diagnostic charts. Plaintiff initiated the above-styled cause alleging that Defendants violated federal copyright law and contractual obligations. By prior Order (DE 158) the Court granted Defendants' Motion For Summary Judgment (DE 112) and entered Judgment (DE 159) for Defendants upon the Third Amended Complaint (DE 86). Defendants now move to recover

their attorney's fees and costs incurred in the successful defense of this action.

I.

The award of fees and costs in a copyright action is governed by statute, the relevant portion of which reads as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.  There is no distinction between a prevailing plaintiff and a prevailing defendant when making the determination whether to award fees and costs.  Fogarty v. Fantasy, Inc., 510 U.S. 517 (1994).  As the text of § 505 plainly states, the decision whether to award fees and costs is entrusted to the discretion of the Court.  See id. at 534.  The Court may consider many factors of the case before it in coming to its decision, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986), cited with approval in Fogarty, 510 U.S. at 534 n.19.

The Court finds that an award of attorney's fees to Defendants in this action would not be appropriate.  Defendants' Memorandum Of

Law (DE 163) and Reply (DE 176) are drafted in what appears to be a manner calculated to inflame some passion in the Court against Plaintiff. Defendants focus much attention on the fact that the ultimate ground for judgment in their favor, that Plaintiff's charts are not protected by copyright, was asserted as an affirmative defense long ago in their first Answer (DE 19) and carried forward in each of three subsequent Answers. DE Nos. 55, 63, 87. Thus Plaintiff futilely continued litigating this case in the face of such a watertight defense. This is obviously a meritless argument. Defendants cannot seriously believe, due to the assertion of their affirmative defense alone, that Plaintiff was "on notice that its ED Maximus paper templates were uncopyrightable blank forms." DE 163, p. 4. While Defendants ultimately prevailed in this action, that alone does not make Plaintiff's position illogically advanced. More to the point, it is the Court, not Defendants' affirmative defenses, that gets to decide whether Plaintiff's charts are not protected by copyright and to put Plaintiff officially on notice of the same.

The Court is cognizant that the federal copyright claim was not the only claim advanced by Plaintiff in this action. Indeed, the thrust of this action was Plaintiff's contention that Defendants violated its federally protected copyright in the medical charts. However, the Third Amended Complaint (DE 86), that

3

controlling at summary judgment, alleged a federal copyright claim and state law claims for breach of fiduciary duty and breach of contract. Before addressing Defendants' Motion For Summary Judgment, the Court exercised its discretion under 28 U.S.C. § 1367(c) and dismissed the state law claims because they would have predominated over the federal claim. DE 146. The Court's exercise of discretion under § 1367, though, cannot be argued as a reason for finding Plaintiff's claim frivolous in this action. Indeed, had the Court found that Plaintiff's charts were copyrightable, it almost surely would have denied summary judgment to Defendants and sent the action to a jury to determine whether Defendants' product is a copy of Plaintiff's. In the same vein, Plaintiff's state law fiduciary duty and breach of contract claims may yet have life in them. The circumstances of Plaintiff's licensing its charts to Defendants for marketing and then Defendants' developing very similar computer-based charts to be marketed to the very same audience did not sit well with the Court. Of course, this consideration had no influence on the purely legal question of whether Plaintiff's charts were subject to copyright. But considering all the circumstances in this case the Court finds that, although it eventually lost on its copyright claim, Plaintiff's prosecution of this action was neither frivolous or unreasonable. Moreover, the copyright claim that Plaintiff was

suing over had the benefit of a facially valid copyright registration. This registration was, of course, issued by the one body that had the authority to issue the registration and the one body, other than the Court, that is considered expert in this area of the law--the United States Copyright Office. Though the Court invalidated the copyright (a decision that remains pending on appeal), Plaintiff's reliance on its registration was not frivolous or unreasonable.

For much the same reasons the Court finds that Plaintiff's motivation does not warrant an award of attorney's fees against it, and that an award of attorney's fees would not advance considerations of compensation and deterrence. Lieb, 788 F.2d at 156.

## II.

Notwithstanding that Defendants will not recover their attorney's fees, they are prevailing Parties in this action and the Court will award them costs. Section 505 empowers the Court to award "full costs" to Defendants, but it does not define that term. The Supreme Court has held that, in the context of witness fees awarded under § 505, courts are bound by 28 U.S.C. § 1920 absent explicit statutory authorization to tax other costs. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Thus, § 505 itself does not allow costs not authorized by § 1920.

5

The Eleventh Circuit, too, has considered how § 505 and § 1920 interact, but again in the context of expert witness fees. The court held that § 505's "full costs" language did not evidence congressional intent to treat § 505 costs differently than costs in other statutes. Artisan Contractors Ass'n of Am., Inc. v. Frontier Ins. Co., 275 F.3d 1038, 1040 (11th Cir. 2001) (citing Pinkham v. Carmex, Inc., 84 F.3d 292, 295 (8th Cir. 1996)). Therefore, the Court will not tax under § 505 any costs not authorized to be taxed by § 1920.

Deposition costs are taxable. 28 U.S.C. § 1920(2). However, costs associated with a deposition that are "merely incurred for convenience, to aid in thorough preparation," are not taxable. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620-21 (11th Cir. 2000) (quotations omitted). Plaintiff objects that both the transcript fees and the video recording fees for the depositions of Joshua Plummer and Michael McHale are included in the bill of costs and argues that only the transcript fees may be taxed. Defendants cite George v. Florida Dep't of Corrs., 2008 WL 2571348 *5 (S.D. Fla. 2008), for the proposition that the non-prevailing party bears the burden of proof of establishing that deposition costs are not properly taxable. However, George placed the burden of proof on the non-prevailing party "unless the knowledge necessary for the court to make a determination regarding the propriety of the

6

proposed costs rests within the exclusive knowledge of the prevailing party." Id. at *2. Thus, even under Defendants' theory, they bear the burden to establish that videotaping the depositions was necessary. Id. at *2, *7. They have not, and the Court will not award this portion of the deposition costs.

Defendants also seek to be reimbursed for the $66.00 they incurred for the transcript of a status conference held on June 12, 2008; however, Defendants fail to establish that this transcript was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Thus, it shall be disallowed.

Defendants next seek to recover the costs incurred in serving Pat McHale three times with a subpoena and Edward Zaron twice with a subpoena, all for depositions. In response to Plaintiff's objection that neither of these witnesses were actually deposed, Defendants argue that the fees were nevertheless incurred and that the Seventh Circuit allows taxation in such a case. See Haraco, Inc. v. Am. Nat'l Bank and Trust Co., 38 F.2d 1429, 1442 (7th Cir. 1994). Defendants fail, however, to point to any controlling precedent on this issue and, without the same, the Court declines to award these costs here.

Defendants seek to recover the $45.00 witness fee paid to Eric Adamson, notwithstanding that a witness is to be compensated only $40.00 per day. 28 U.S.C. § 1821(b). The Court will not tax

beyond the $40.00.  See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442 (1987) (noting that "§ 1821(b) sets a limit for litigants' witnesses").

Defendants also seek to recover $1,086.26 incurred for copies of trial exhibits.  The Eleventh Circuit has held that "exhibit costs are not taxable because there is no statutory authorization." W&O, Inc., 213 F.3d at 623.  These costs will not be taxed.  On the same ground, the transcript fee for the deposition of Lee Clack will not be taxed because it is lumped in with the exhibits used therefor.  DE 162-6, p. 4.  The Court being unable to determine what portion of this fee is for exhibits, the entire cost will be disallowed.

Finally, Defendants seek to recover the fee they paid to an expert for the affidavit of reasonableness he prepared for filing in conjunction with the instant Motion.  Section 1920 only allows the taxation of costs for "court appointed experts."  28 U.S.C. § 1920(6).  Thus, because the Court did not appoint anyone to evaluate the reasonableness of Defendants' fee and cost calculations, this cost will be disallowed.  The other costs claimed by Defendants in their Bill of Costs (DE 162-6) will be taxed.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants' Verified Motion For

Award Of Attorney's Fees And Reimbursable Costs (DE 162) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. To the extent Defendants' Verified Motion For Award Of Attorney's Fees And Reimbursable Costs (DE 162) seeks an award of costs, it be and the same is hereby **GRANTED**;

2. Defendants do have and recover from Plaintiff the sum of $10,977.15 in costs, for all of which let execution issue; and

3. In all other respects, Defendants' Verified Motion For Award Of Attorney's Fees And Reimbursable Costs (DE 162) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___1st___ day of May, 2009.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record